UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

QUINTIN J. BALLENTINE,

                 Plaintiff,

            -against-

ST. BARNABAS HOSPITAL CENTER;
DAVID PERLSTEIN, PRESIDENT AND CEO;
ANASTASIA AMBROSIO, M.D.; WILLIAM
DANIAL, M.D.; VINCENT GALDI, M.D.;
MONIKA GASHI, M.D.; MENACHEM
GREENBERG, M.D.; KEVIN MISHAN, M.D.;
NELFA RAMOS, M.D.; ROSA RIVERA, R.N.;
VICTORIA MENSAH, R.N.; JOHN/JANE
DOES 1-10,

                 Defendants.

25-CV-9070 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this *pro se* action under Title III of the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983, alleging that physcians and nurses at St. Barnabas Hospital administered him medication that gave him adverse effects and wrongfully subjected him to an involuntary, 24-hour psychiatric hold. He also asserts several statutory and common law claims under New York law. In addition to the claims that Plaintiff asserted, the Court liberally construes the complaint as asserting additional claims under the Rehabilitation Act and the New York State Human Rights Law. Plaintiff sues St. Barnabas Hospital Center; its president and CEO, David Perlstein; nine identified medical professionals at St. Barnabas Hospital Center; and ten John/Jane Doe defendants employed by the hospital.

By order dated March 3, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court dismisses the complaint with 30 days' leave to replead.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the amended complaint, which Plaintiff filed on March 3, 2026.[1] (ECF No. 6.) On June 1, 2024, Plaintiff—who had a "known history of PTSD [post-traumatic stress disorder], anxiety, and psychotic spectrum diagnoses"—was brought to the emergency room at St. Barnabas Hospital Center, by officers of the New York City Police Department ("NYPD") and paramedics, for psychiatric evaluation. (ECF No. 1, at 3.) Plaintiff asserts that upon his arrival at the hospital, Defendants knew, both from his medical records and from his verbal pronouncements to them, that he had an allergy or contraindication for Haldol, a psychiatric medication. (*Id.*) Despite Plaintiff's verbal refusals, Defendants administered Haldol to him "using physical and chemical restraints, with hospital security involvement." (*Id.*) Defendants' administration of Haldol reportedly caused "arrhythmia and QT prolongation." (*Id.* at 3.)

Around the same time, Defendants placed Plaintiff on an involuntary psychiatric hold, and he was released from the hospital on the following day, June 2, 2024. (*Id.*) He alleges that the "involuntary hold was later determined to be unfounded and unnecessary." (*Id.*)

Plaintiff seeks $33 million in damages and injunctive relief. (*Id.* at 1, 9.)

**DISCUSSION**

**A.    The ADA and Rehabilitation Act**

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a

---

[1] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

place of public accommodation." 42 U.S.C. § 12182(a). The phrase 'public accommodation' . . . 'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to the nondisabled." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676-77 (2001) (footnotes omitted). Under the Rehabilitation Act, "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). The substantive standards for claims under the ADA and the Rehabilitation Act are substantially the same, *Wright v. N.Y. State Dep't of Corrs.*, 831 F.3d 64, 72 (2d Cir. 2016), although a claim under the Rehabilitation Act must be supported by allegations that the benefit is part of a "program or activity receiving Federal financial assistance," *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998).

Plaintiff fails to state a claim under Title III of the ADA or the Rehabilitation Act. While Plaintiff alleges facts sufficient for the Court to infer that he has a disability covered by the ADA and the Rehabilitation Act (namely, an allergy to Haldol), he fails to allege that any of the medical staff at St. Barnabas Hospital Center prescribed him Haldol "by reason of" his disability. Rather, the gravamen of Plaintiff's complaint is premised upon his disagreement with his prescribed treatment; he does not suggest that Defendants took any action that constitutes discrimination on the basis of his disability.

The Second Circuit has repeatedly held that in situations like this, where the plaintiff challenges "the substance of the services provided" rather than "illegal discrimination," there is no violation of the federal disability statutes. *Doe*, 148 F.3d at 84; *see e.g., Schnauder v. Gibens*, 679 F. App'x 8, 10 (2d Cir. 2017) (summary order) (rejecting the assertion by detainee that

4

"denial of timely and meaningful medical treatment for his [broken] nose constituted a failure to provide a 'reasonable accommodation'"); *Cushing v. Moore*, 970 F.2d 1103, 1109 (2d Cir. 1992) (holding that the Rehabilitation Act "does not create a cause of action based on a [disability] that is directly related to providing the very services at issue"); *United States v. Univ. Hosp.*, 729 F.2d 144, 156 (2d Cir. 1984) (explaining that "where medical treatment is at issue, it is typically the [disability] itself that gives rise to, or at least contributes to, the need for services," and thus holding that the Rehabilitation Act "prohibits discrimination against a [disabled] individual only where the individual's [disability] is unrelated to, and thus improper to consideration of, the services in question").

Here, there is no allegation that Plaintiff's allergy to Haldol "made it difficult in any way for [him] to access benefits—namely, medical services—that were available to all" patients at St. Barnabas Hospital Center. *Tardif v. City of New York*, 991 F.3d 394, 405 (2d Cir. 2021). "In other words, [Plaintiff's allergy] did not interfere with [his] ability to access medical services." *Id*. Plaintiff therefore fails to state a claim under the federal disability statutes. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

5

The activity of a private person or entity may nevertheless be considered state action for the purpose of Section 1983 liability in the following situations: (1) when the person or entity acts using the coercive power of the State or is controlled by the State (the "compulsion test"); (2) when the State provides significant encouragement to the person or entity, the person or entity willfully participates in joint activity with the State, or the person or entity's functions are entwined with State policies (the "joint action" or "close nexus" test); or (3) when the State has delegated a public function to the person or entity (the "public function" test). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (citation omitted).

Here, Plaintiff alleges no facts suggesting that any Defendant should be considered a state actor under Section 1983, as all Defendants in this action are private physicians and nurses working at a private hospital who had no coordination with state actors. While Plaintiff alleges that NYPD officers, who are state actors, brought Plaintiff to the hospital, he does not allege that the police played any role whatsoever in the decision to administer him Haldol or Defendants' decision that a 24-hour psychiatric hold was warranted. Similarly, while Plaintiff alleges that "hospital security" participated in the forced administration of Haldol, he provides no facts suggesting that "hospital security" were state actors or were engaged in joint action with state actors. Plaintiff therefore does not allege that Defendants acted in concert with the state actors. For those reasons, the Court dismisses Plaintiff's Section 1983 claims against Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    Supplemental jurisdiction denied

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."

6

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.      Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under the ADA, the Rehabilitation Act, or Section 1983, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    March 5, 2026
          New York, New York

                                          *Louis L. Stanton*
                                          Louis L. Stanton
                                          U.S.D.J.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

## AMENDED

_____

## COMPLAINT

_____

Do you want a jury trial?
☐ Yes     ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.    BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
          (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of

(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City          State          Zip Code

_____

Telephone Number          Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                  Zip Code

Defendant 2:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                  Zip Code

Defendant 3:

First Name                         Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                       State                  Zip Code

Defendant 4:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                    State              Zip Code

## III.  STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

Page 6

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

    If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.